# UNITED STATES DISTRICTCOURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Genesis Whittaker | : | |
| 3152 Fox Street | : | |
| Philadelphia, PA 19132 | : | NO.:   15-4598 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Boulevard Autogroup, LLC | : | |
| d/b/a Barbera's Autoland, et al. | : | |
| 7810 Roosevelt Blvd | : | |
| Philadelphia, PA 19152 | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

## **ORDER**

AND NOW this _____ day of _____, 2015, upon consideration of Defendant's Motion to Compel Arbitration, and Plaintiff's Response in Opposition thereto, it is hereby ORDERED and DECREED that Defendant's Motion is DENIED.

**AND IT IS SO ORDERED.**

_____
Eduardo C. Robreno                    ,J.

# UNITED STATES DISTRICTCOURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Genesis Whittaker | : | |
| 3152 Fox Street | : | |
| Philadelphia, PA 19132 | : | NO.:   15-4598 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Boulevard Autogroup, LLC | : | |
| d/b/a Barbera's Autoland, et al. | : | |
| 7810 Roosevelt Blvd | : | |
| Philadelphia, PA 19152 | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

Incorporating by reference Plaintiff's attached Memorandum of Law, Plaintiff respectfully requests this Honorable Court deny Defendant's Motion to Compel arbitration.

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff

UNITED STATES DISTRICTCOURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Genesis Whittaker | : | |
| 3152 Fox Street | : | |
| Philadelphia, PA 19132 | : | NO.:   15-4598 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Boulevard Autogroup, LLC | : | |
| d/b/a Barbera's Autoland, et al. | : | |
| 7810 Roosevelt Blvd | : | |
| Philadelphia, PA 19152 | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**

In the first instance, these arbitration agreement(s) are not subject to a Motion to Compel – without intervening discovery.  *See generally*, Guidotti v. Legal Helpers Debt Resolution, LLC, 716 F.3d 764, 780 (C.A.3 2013).

Plaintiff respectfully requests this Honorable Court convert the within Motion to one for Summary Judgment to allow intervening discovery. In re Burlington Coat factory Sec. Litig., 114 F.3d 1410, 1426 (C.A.3 1997); Schmidt v. Skolas, No. 13-3750 (C.A.3 Oct. 17, 2014) (quoting Watterson v. Page, 987 F.2d 1, 3-4 (C.A.1 1993)).  To that end, (i.e., discovery), Plaintiff will there seek Movant's corporate designee's deposition as well as "deal" documents – attempting to demonstrate that the underlying arbitration agreement(s) was, as is evident (and discussed below), conflicting and confusing (and thus, void). Blair v. Scott Specialty Gases, 283 F.3d 595, 605 (quoting ATACS Corp. v. Trans World Communications, Inc., 155 F.3d 659, 666 (C.A.3 1998); Aircraft Guar. Corp. v. Strato-Lift, Inc., 103 F.Supp.2d 830, 836 (E.D.Pa. 2000).

As demonstrated by Movant's Motion's Exhibits (A & B), Movants submit two (2) arbitration agreements – each nullifying the other: rendering arbitration void. Id.  Indeed, it is well-settled that the Pennsylvania Motor Vehicle Sales Finance Act precludes addendum arbitration agreements to a retail installment sales contract (in that end, any addendums at all). Knight v. Springfield Hyundai, 81 A.3d 940 (Pa.Super. 2013).

Lastly, requiring Plaintiff to participate in arbitration – where she is only reimbursed up to $1,500.00 by Movant – renders the arbitration unaffordable: thereby improperly vitiating Plaintiff's statutory rights. Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 28 (S.Ct. 1991) (citing Mitsubishi Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614 (S.Ct.).; Cole v. Burns Int'l. Sec. Serv., 105 F.3d 1465, 1482-85 (D.C.Cir. 1997); Paladino v. Avnet Computer Tech., Inc., 134 F.3d 1054, 1060 (C.A.11 1998); Graham Oil Co. v. ARCO Prod. Co., 43 F.3d 1244, 1248-49 (C.A.9 1994).  If converted to a Motion for Summary Judgment with leave towards interim discovery, Plaintiff will produce evidence that she simply cannot afford arbitration.

WHEREFORE, Plaintiff respectfully requests this Honorable Court deny Defendant's Motion to Compel Arbitration.

                                        **WEISBERG LAW**

                                        /s/ Matthew B. Weisberg
                                        Matthew B. Weisberg, Esquire
                                        Attorney for Plaintiff

## UNITED STATES DISTRICTCOURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Genesis Whittaker | : | |
| 3152 Fox Street | : | |
| Philadelphia, PA 19132 | : | NO.:    15-4598 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Boulevard Autogroup, LLC | : | |
| d/b/a Barbera's Autoland, et al. | : | |
| 7810 Roosevelt Blvd | : | |
| Philadelphia, PA 19152 | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 16th day of December, 2015, a true and correct copy of the foregoing Plaintiff's Response in Opposition to Defendant's Motion to Compel Arbitration and Memorandum of Law in Support thereof was served via ECF upon the following parties:

Garen Meguerian, Esquire
Garen Meguerian, Attorney At Law
21 Industrial Boulevard, Suite 201
Paoli, PA 19301

Mark W. Skanes, Esquire
Rose Waldorf, PLLC
501 New Karner Road
Albany, NY 12205

**WEISBERG LAW**

/s/ Matthew B. Weisberg
MATTHEW B. WEISBERG
Attorney for Plaintiffs